IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ABIR ALI,

    Petitioner,

v.                                           Civil Action No. 3:17CV656

LAWRENCEVILLE CORRECTIONAL CENTER,

    Respondent.

**MEMORANDUM OPINION**

Abir Ali, a Virginia inmate proceeding pro se, submitted a letter asking about the statute of limitations for filing a writ of habeas corpus under § 2254. By Memorandum Order entered on October 17, 2017, the Court explained that it would not offer legal advice to Ali and that the Court lacked jurisdiction to consider the timeliness of a habeas petition until it is actually filed. (ECF No. 2, at 1.) The Court provided Ali an opportunity to file a § 2254 petition and the Clerk mailed him the standardized form for filing such an action. The Court directed Ali to complete and return the standardized form for filing a § 2254 petition within twenty (20) days of the date of the entry of the October 17, 2017 Memorandum Order. More than twenty (20) days elapsed and Ali had not completed and returned the standardized form or otherwise responded to the Court's Memorandum Order. Accordingly, by Memorandum Opinion and Order

entered on November 13, 2017, the Court dismissed the action without prejudice.

On December 7, 2017, the Court received a large packet of papers from Ali. The packet contained, <u>inter alia</u>, the completed standardized form for filing a § 2254 petition (ECF No. 5), with an attached letter demonstrating that Ali mailed the standardized form for filing a § 2254 petition to the United States Court of Appeals for the Fourth Circuit prior to November 6, 2017, and the Fourth Circuit simply returned the document to Ali. (ECF No. 8-1, at 2.) Because Ali returned the standardized form for filing a § 2254 petition to the Fourth Circuit instead of this Court prior to the expiration of the twenty-day period allotted in the October 17, 2017 Memorandum Order, the Court will deem the standardized form for filing a § 2254 Petition timely filed.

Accordingly, the Court will vacate the November 13, 2017 Memorandum Order and reinstate the action on the active docket. The Court will continue to process the action.

In the packet sent by Ali, many of the filings contained writing on the reverse side of each page. Ali is warned that the Court does not accept documents or pleadings submitted on paper that exceeds 8½ inches by 11 inches in size, or that contain writing on the reverse side of a page. Any future

filing that contains writing on the reverse side of a page will not be considered by the Court and will be returned to Ali.

The Clerk is directed to send a copy of this Memorandum Opinion to Ali.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 28, 2011
Richmond, Virginia